A. MARISA CHUN (SBN 160351)
mchun@crowell.com
REBECCA M. SUAREZ (SBN 284853)
rsuarez@crowell.com
KIMBERLEY M. JOHNSON (SBN 317757)
kjohnson@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
ACCOR HOTELS & RESORTS (MARYLAND) LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHELLE BOGOSIAN CHOSE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCOR HOTELS & RESORTS (MARYLAND) LLC,<br><br>Defendant. | Case No. 4:19-cv-06174-HSG<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Date:     January 23, 2020<br>Time:     2:00 p.m.<br>Ctrm:     2 |

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ................................................................................................ 1

4    II.   THE SECOND AMENDED COMPLAINT'S ALLEGATIONS ...................................... 4

5          A.    Factual Background .............................................................................. 4

6          B.    Procedural Background ......................................................................... 5

7    III.  ARGUMENT .................................................................................................... 6

8          A.    Legal Standard for Motion to Dismiss ................................................. 6

9          B.    Plaintiff's Amended Negligence Claim Still Fails ................................ 7

10               1.    Plaintiff Does Not Allege Sufficient Facts to Support that a Duty to
                       Maintain a Hotel's Premises in a Reasonably Safe Condition Also
11                     Includes Protecting Patrons from the Use of Fragrance in a Lobby .......... 7

12               2.    The Second Amended Complaint Still Fails to Allege Sufficient
                       Facts that Accor Breached Its Duty of Care .............................................. 8

13         C.    Plaintiff's Battery Claim Fails Because She Fails to Allege Sufficient Facts
14               that Accor Contacted Her with the Intent to Harm ............................... 9

15         D.    The Intentional and Negligent Infliction of Emotional Distress Claims Still
                 Fail ...................................................................................................... 11

16               1.    Plaintiff's IIED Claim Continues to Fail Because She Has Not
17                     Alleged Intentional, Extreme and Outrageous Conduct or Serious
                       Emotional Distress ................................................................................... 11

18               2.    Plaintiff Fails to Allege She Suffered Severe Emotional Distress ........... 13

19               3.    The Negligent Infliction of Emotional Distress Claim Continues to
20                     Fail, As Plaintiff Does Not Allege Facts Establishing Serious
                       Emotional Distress ................................................................................... 15

21               4.    The Emotional Distress Claims Should Be Dismissed with
22                     Prejudice .................................................................................................. 15

23         E.    Plaintiff's UCL Claim Continues to Fail Because She Has Adequate
                 Remedies at Law and Has Not Alleged Facts Sufficient to Establish
24               Entitlement to Restitution .................................................................... 16

25               1.    Plaintiff's UCL Claim Fails Because She Has Adequate Remedies
                       at Law ....................................................................................................... 16

26               2.    Plaintiff Has Not Alleged Sufficient Facts Showing an Entitlement
27                     to Restitution ........................................................................................... 17

28

**TABLE OF CONTENTS**
**(continued)**

Page(s)

F.   The Class Action Allegations Should Be Stricken, Because the Overbroad
Class Includes Members Who Have Not Been Injured and Cannot State A
Claim Against Accor .................................................................................... 18

1.   Legal Standards for Motion to Strike ........................................................ 18

2.   The Class Allegations Are Overbroad, Because They Include
Individuals Who Do Not Have an Alleged Sensitivity to Fragrance
and, Thus, No Injury ............................................................................ 18

3.   Plaintiff's Theory of the Case Regarding Fragrance Sensitivity Is
Inconsistent with Her Inclusion of Symptom-Free Individuals in the
Proposed Class ..................................................................................... 20

4.   The Complaint Reflects that Individual Issues Predominate and that
Plaintiff's Claims Are Not Typical, Thus Precluding A Class
Action ................................................................................................. 21

G.   Plaintiff's Punitive Damages Claim Should Be Stricken ...................................... 22

IV.   CONCLUSION ............................................................................................ 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
545 F.3d 733 (9th Cir. 2008)............................................................................................6

*Akey v. Placer Cty.*,
No. 2:14-cv-2402-KJM, 2015 WL 5138152 (E.D. Cal. Sept. 1, 2015) ..................................13

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990)........................................................................................6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................................................6

*Bishop v. Saab Auto A.B.*,
No. CV 95-0721-JGD (JRX), 1996 WL 33150020 (C.D. Cal. Feb. 16, 1996).......................18

*Bryan v. Wal-Mart Stores, Inc.*,
No. C 08-05221 SI, 2013 WL 3246091 (N.D. Cal. June 26, 2013)........................................23

*Bush v. Marriott Vacations Worldwide Corp.*,
ED CV 15-01214-AB, 2015 WL 13546113 (C.D. Cal. Sept. 4, 2015) ....................................7

*Bush v. Vaco Technol. Servs., LLC*,
No. 17-cv-05605-BLF, 2018 WL 2047807 (N.D. Cal. 2018)................................................10

*Christensen v. Superior Court*,
54 Cal. 3d 868 (1991) ..............................................................................................12, 13

*Clark v. Superior Ct.*,
50 Cal. 4th 605 (2010) ...................................................................................................17

*Connolly v. Remkes*,
No. 5:14-cv-01344-LHK, 2014 WL 5473144 (N.D. Cal. Oct. 28, 2014).............................14

*Cortez v. Purolator Air Filtration Prods. Co.*,
23 Cal. 4th 163 (2000) ..................................................................................................17

*Doe v. City of San Mateo*,
No. C-07-05596-SI, 2011 WL 500203 (N.D. Cal. Feb. 9, 2011) .........................................15

*Enoh v. Hewlett Packard Enterprise Co.*,
No. 17-cv-04212-BLF, 2018 WL 3377547 .................................................................18, 22

*Fantasy Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993)..........................................................................................18

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

*Feitelberg v. Credit Suisse First Boston, LLC*,
    134 Cal. App. 4th 997 (2005)............................................................2, 17

4

5

*Howard v. Regents of Univ. of California*,
    No. C 99-1339 SI, 2000 WL 424192 (N.D. Cal. Apr. 12, 2000).......................................11, 12

6

7

*Hunt v. City of Los Angeles*,
    No. CV 17-8064 AG (SS), 2019 WL 4308781 (C.D. Cal. Mar. 4, 2019) ................................15

8

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003)............................................................6

9

10

*Karimi v. GMAC Mortg.*,
    No. 11-cv-00926-LHK, 2011 WL 5914006 (N.D. Cal. Nov. 28, 2011)................................6, 9

11

*Knudsen v. CHSI of California, LLC*,
    No. 2:07-cv-02231-MCE, 2008 WL 719248 (E.D. Cal. Mar. 17, 2008)................................8

12

13

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................17

14

15

*Landucci v. State Farm Ins. Co.*,
    65 F. Supp. 3d 694, 712 (N.D. Cal. 2014) ............................................................14

16

*Lawrence v. City & Cty. of San Francisco*,
    258 F. Supp. 3d 977, 998 (N.D. Cal. 2017) ............................................................9

17

18

*Lyons v. Bank of America, N.A.*,
    No. C11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011)....................................19, 20

19

*Mendaros v. JPMorgan Chase Bank, Nat'l Ass'n*,
    No. 16-CV-06092-HSG, 2017 WL 2352143 (N.D. Cal. May 31, 2017)................................11

20

21

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008)............................................................6

22

23

*In re Mission Bay Jet Sports, LLC*,
    No. 08-cv-0146 JM (CAB), 2010 WL 144441 (S.D. Cal. Jan. 11, 2010)................................18

24

*Montes v. Zhanjiang Hallsmart Elec. Appliance Co., Ltd.*,
    No. 2:14-cv-01582-TLN-EFB, 2015 WL 269486 (E.D. Cal. Jan. 21, 2015) ................8, 9, 23

25

26

*Noble v. Wells Fargo Bank, N.A.*,
    No. 1:14-cv-01963-TLN, 2015 WL 5687675 (E.D. Cal. Sept. 25, 2015) ................................13

27

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

*Philips v. Ford Motor Co.*,
   No. 14-cv-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015) ....................................16

4

5

*Rhynes v. Stryker Corp.*,
   No.10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) .............................................16

6

*Robles v. In the Name of Humanity We Refuse to Accept a Fascist America*,
   No. 17-cv-04864-CW, 2018 WL 2554740 (N.D. Cal. June 4, 2018) .................................9, 10

7

8

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
   No. CV-15-8629, 2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) ...........................................16

9

10

*San Joaquin Deputy Sheriffs' Ass'n v. Cty. of San Joaquin*,
   898 F. Supp. 2d 1177 (E.D. Cal. 2012) ..................................................................................15

11

*Sandoval v. Ali*,
   34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) .....................................................................18, 21

12

13

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) ....................................................................................................18

14

15

*Steel v. City of San Diego*,
   726 F. Supp. 2d 1172 (S.D. Cal. 2010) ...................................................................................14

16

*Tomaselli v. Transamerica Ins. Co.*,
   25 Cal. App. 4th 1269 (1994) ...................................................................................................23

17

18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................................................17

19

*Weinstein v. Saturn Corp.*,
   No. C-07-0348-MMC, 2007 WL 1342604 (N.D. Cal. May 8, 2007) ........................................8

20

21

*Wells v. Gonzales*,
   2018 WL 1665439, at *7 (E.D. Cal. Apr. 6, 2018), *report and recomm.*
   *adopted*, 2018 WL 3472548 (E.D. Cal. July 18, 2018) ..........................................................16

22

23

*Wheeler v. City of Oakland*,
   2006 WL 1140992, at *12 (N.D. Cal. Apr. 28, 2006) (Armstrong, J.)...............................15, 21

24

25

*Yau v. Santa Margarita Ford, Inc.*,
   229 Cal. App. 4th 144 (2014)....................................................................................................11

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Statutes**

Cal. Business & Professions Code § 17200 *et seq*.........................................................5, 16

Cal. Code of Civil Procedure § 1021.5 .............................................................................5

Cal. Civil Code § 3294.....................................................................................................22

Cal. Civil Code § 3294(a) ................................................................................................22

Cal. Health & Safety Code §19955(a) ..........................................................................5, 16

**Other Authorities**

Fed. R. Civ. P. 23 ........................................................................................................2, 20

ACCOR MANAGEMENT'S
CORPORATE DISCLOSURE STATEMENT;
CASE NO.

1

## NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE

2      PLEASE TAKE NOTICE that on January 23, 2020 at 2:00 p.m. or as soon thereafter as

3   counsel may be heard, by the Honorable Haywood S. Gilliam, Jr., in Courtroom 2 of the United

4   States District Court, 1200 Clay Street, Oakland, California, Defendant Accor Hotels & Resorts

5   (Maryland) LLC ("Accor" or "Defendant") will, and hereby does, move to dismiss the first,

6   second, third, fourth, and eighth claims for relief in Plaintiff Michelle Bogosian Chose's Second

7   Amended Complaint ("SAC" or "Second Amended Complaint") filed November 4, 2019 (Dkt.

8   No. 30), pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike certain portions of the

9   Second Amended Complaint pursuant to Rule 12(f), without leave to amend.

10     Accor seeks an order dismissing Plaintiff's negligence, battery, negligent infliction of

11  emotional distress, intentional infliction of emotional distress, and California Unfair Business

12  Practices claims, pursuant to Rule 12(b)(6) for failure to state a claim.  Accor also seeks an order

13  striking Plaintiff's class action allegations, including at Paragraphs 17 to 22 and 27 to 29,

14  pursuant to Rule 12(f), because the class allegations are overbroad, and proposes to include

15  individuals who have not been injured and, thus, lack Article III standing.  Finally, Accor further

16  seeks an order striking Plaintiff's request for punitive and exemplary damages pursuant to Rule

17  12(f), as the Second Amended Complaint's factual allegations do not support punitive and

18  exemplary damages.  To the extent that this Court dismisses Plaintiff's battery and intentional

19  infliction of emotional distress claims, the request for punitive and exemplary damages should

20  also be stricken, because those claims are the only claims alleged in the SAC for which Plaintiff

21  seeks punitive or exemplary damages.

22

## MEMORANDUM OF POINTS AND AUTHORITIES

23  ## I.      INTRODUCTION

24     Plaintiff Michelle Bogosian Chose has now filed a class action complaint three times in

25  this action, alleging that (i) the common use of fragrance in the lobby of the Claremont Club &

26  Spa, a Fairmont Hotel (the "Claremont"), violates the Americans with Disabilities Act ("ADA")

27  and other laws prohibiting discrimination and (ii) that such conduct should give rise to a statewide

28  class consisting of all visitors to the Claremont since August 28, 2015.  However, after three

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1  attempts, the Second Amended Complaint's ("Second Amended Complaint" or "SAC") factual

2  allegations still fail to allege a number of viable claims and do not allege a viable class action

3  under Federal Rule of Civil Procedure 23.  A fourth attempt to allege these claims or a class

4  action will be futile.  The motion to dismiss and to strike the class action allegations should be

5  granted without leave to amend.

6        The thrust of Plaintiff's lawsuit is that the common use of fragrance in the Claremont's

7  entryway violates the ADA and other laws, because her sensitivity to fragrance and chemicals is

8  allegedly a protected disability.  But Plaintiff does not stop there.  Instead, the Second Amended

9  Complaint overreaches, by seeking to inflate those allegations into negligence, battery, negligent

10  and intentional infliction of emotional distress, and UCL claims, which cannot be pled here.

11        *First*, despite numerous amendments, Plaintiff's negligence and battery claims remain

12  deficient as a matter of law.  The negligence claim fails, because she has not alleged facts

13  supporting a duty to exercise reasonable care to protect hotel guests from fragrance, nor sufficient

14  facts that Accor knew that scent in the hotel lobby would injure hotel guests. Similarly, Plaintiff's

15  battery claim fails, because she has failed to allege facts supporting that Accor, the operator of the

16  Claremont, intended to make harmful contact with her with the scent.

17        *Second,* Plaintiff cannot plead negligent and intentional infliction of emotional distress

18  claims, based on these alleged facts and Plaintiff's own admissions.  Plaintiff continues to allege

19  that she is sensitive to fragrance and was "exposed to and damaged by [such] chemical

20  substances" and, thus, was allegedly harmed by Accor.  However, at the same time, Plaintiff

21  admits that fragrances are often used in hotels to please customers by decreasing other smells and

22  to "promote a signature scent" to enhance the consumer experience, and that they are a mere

23  "annoyance" for the many Claremont guests and visitors who do not experience physical

24  reactions to the scent in the hotel's lobby.  (SAC ¶¶ 35, 40.)  These admissions that fragrance is

25  commonly used by hotels and might be, at most, an annoyance, are fatal to her negligent and

26  intentional infliction of emotional distress claims.  These claims require sufficient facts

27  supporting both that a defendant's extreme and outrageous conduct was *intended* to cause her

28  severe or extreme emotional distress, as well as severe or extreme emotional distress --not

CROWELL & MORING LLP
ATTORNEYS AT LAW

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    everyday "annoyances."

2         *Third,* the Unfair Competition Law claim fails, as Plaintiff has adequate remedies at law

3    and has not alleged sufficient facts demonstrating that she is entitled to restitution.

4         *Fourth,* the Second Amended Complaint's allegations are fatally defective as a class

5    action complaint and, thus, the class action allegations should be stricken without leave to amend.

6    Plaintiff fails to limit her class allegations to those who are sensitive to fragrance and have been

7    allegedly harmed by Accor's use of fragrance in the Claremont lobby.  Instead, she purports to

8    represent "*[a]ll* persons who visited the Claremont" since August 28, 2015, thereby including not

9    only persons who allegedly have been diagnosed with "fragrance sensitivity" or "chemical

10   sensitivity" that may cause them harm when exposed to fragrance at the Claremont's entryway,

11   but would also include the vast majority of Claremont visitors who do not have such a condition

12   and who have not been injured.  In three different versions of the complaint, Plaintiff has insisted

13   that the proposed classes must include all Claremont visitors, because "[e]veryone is *[s]usceptible*

14   to [h]arm from [u]nwelcome [f]ragrances" (SAC ¶ 38) (emphasis added) even those who

15   experience no symptoms in response to fragrance or, indeed, who welcome the pleasing

16   fragrance.  But Claremont visitors who may be susceptible to harm, but have not actually suffered

17   harm, have no injury. Without injury, there is no Article III standing to sue.  Plaintiff's strained

18   attempt to confer "injury" upon these Claremont guests and visitors, by alleging that the fragrance

19   causes them to experience an "annoyance" or a battery (because exposure to fragrance is

20   allegedly an "unwanted touching") should be rejected.

21        *Fifth,* even the individuals who allegedly have a disability recognized by the ADA or pre-

22   existing condition that may cause them to suffer harm when exposed to fragrance at the

23   Claremont's lobby do not constitute an ascertainable class either.  On its face, the SAC would

24   require this Court to engage in numerous, individualized analyses of factual and legal issues for

25   each putative class member.  Does the individual suffer from an underlying condition such as

26   asthma, chemical sensitivity, or autism?  Does that condition meet the definition of "disability"

27   under the ADA?  Did she experience any physical symptoms when exposed to fragrance in the

28   Claremont's lobby?  If so, what kind of symptoms? How long did they last?  What were the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

3

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1   individual's damages?  This case presents the rare situation where the lack of typicality and

2   commonality reflected in the SAC's allegations is so obvious that even a pared-down version of

3   this action cannot proceed as a class action.

4        *Finally,* the Court should strike Plaintiff's request for punitive damages.  The SAC's

5   factual allegations of fragrance in the Claremont's lobby do not support punitive damages.

6   **II.    THE SECOND AMENDED COMPLAINT'S ALLEGATIONS[1]**

7        **A.    Factual Background**

8        Defendant Accor operates the Claremont Club & Spa, a Fairmont Hotel (the

9   "Claremont"), in Berkeley, California, one of "America's most iconic hotels."  (SAC ¶¶ 6, 23-

10   24.)  Plaintiff alleges that Accor is "a French hospitality company"[2] which owns the Fairmont

11   Hotels & Resorts chain, including the Claremont. (*Id.* ¶ 25.)

12       The purported class action complaint against Accor seeks, *inter alia,* injunctive relief and

13   damages, based on the Claremont's use of "dangerous" fragrance in its lobby.  (*Id.* ¶¶ 2, 7.)

14   According to Plaintiff, the Claremont uses fragrances within its premises "[f]or branding and/or

15   other business purposes believed to maximize revenue and profitability."  (*Id.* ¶ 5.)  The

16   fragrances are allegedly "oft-used" in hotels to "promote a signature scent" or to "mask odors."

17   (*Id.* ¶ 35.)  Plaintiff alleges that she "suffers from fragrance and chemical sensitivities and, when

18   exposed to fragrances, is substantially limited in her ability to breathe."  (*Id.* ¶ 16.)[3]

19   _____

20   [1] For the purposes of this motion to dismiss only, Accor accepts that the Court assumes that the allegations in the SAC are true.

21   [2] In fact, in response to counsel's request, on October 3, 2019, Accor provided Plaintiff's counsel with a sworn declaration reflecting that Accor Hotels and Resorts (Maryland) LLC is a Maryland

22   limited liability company, not a "French hospitality company."  *See* Decl. of A. Marisa Chun in support of Accor's Motion to Dismiss and to Strike Second Amended Complaint ("Chun Decl.",

23   ¶ 2). Despite counsel's receipt of the above information, Plaintiff's First Amended Complaint and her Second Amended Complaint have continued to allege basic facts which are not correct.

24   [3] Citing unidentified "multi-nation" studies, the SAC alleges that some people experience sensitivity to fragrance.  (*Id.* ¶ 38) (alleging that: (i) "26.0% of adults are asthmatic, and,

25   according to at least one study, 57.8% of them reported adverse health effects from exposure to fragranced products"; (ii) "21.2% of adults suffer from Chemical [] and/or Multiple Chemical

26   Sensitivity," and that "81.3% of this vulnerable sub-population" reports "adverse health effects from exposure to fragranced products"; (iii) "32.2% of adults suffer from Fragrance Sensitivity";

27   and (iv) "4.5% of the population suffer from Autism/ ASDs, of which 60.6% also report suffering from Chemical Sensitivity and 75.8% from Fragrance Sensitivity.").  However, the SAC makes

28   no attempt to link this immaterial information to adults in the United States or in California, let alone to guests or visitors of the Claremont.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

4

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    The SAC does not limit the proposed classes to persons with alleged chemical sensitivities

2    who have been harmed by Accor's use of fragrance at the Claremont.  (*Id*. ¶ 27.)  Instead,

3    Plaintiff seeks to represent a sweeping group—***all persons who have visited and/or patronized***

4    ***the Claremont since August 28, 2015***, regardless of whether they suffer from any alleged

5    disability such as "fragrance/chemical/multiple chemical sensitivities" because, allegedly, even

6    "for those persons lucky enough to not share this level of susceptibility, the exposure [to

7    fragrance] remains, at best, an annoyance, an unwanted touching (battery) and/or a disruption to

8    their culinary and other hoped-for experiences at the Claremont."  (*Id*. ¶ 8.)  Plaintiff speculates

9    that even those Claremont visitors who, unlike her, do *not* suffer "noticeable physical reactions to

10   fragrance inhalation/contact" are putative class members, because they will nonetheless allegedly

11   experi- ence "annoyance," "emotional distress, and loss of smell and taste" from the fragrance.

12   (*Id*. ¶ 40.)

13        **B.    Procedural Background**

14        On August 28, 2019, Plaintiff filed a putative class action complaint against Accor

15   Management US Inc. ("Accor Management") in California Superior Court, Alameda County,

16   asserting causes of action for: (1) negligence; (2) battery: (3) negligent infliction of emotional

17   distress; (4) intentional infliction of emotional distress; (5) violation of Americans with

18   Disabilities Act; (6) violation of Unruh Civil Rights Act; (7) violation of Cal. Health & Safety

19   Code §19955(a); (8) violation of California's Unfair Competition Law ("UCL"), California

20   Business & Professions Code § 17200 et seq.; and (9) Attorney's Fees, Cal. Civ. Proc. Code

21   § 1021.5).  (Dkt. No. 1, Ex. A.)  On September 30, 2019, Accor Management removed the case to

22   this Court.  (Dkt. No. 1.)  In an effort to avoid unnecessary motions practice, Accor's counsel

23   informed Plaintiff's counsel that he had sued the wrong Accor corporate entity and that the

24   Claremont did not use fragrance in its lobby until 2018.  In response to Plaintiff's counsel's

25   request for corroboration, Accor's counsel voluntarily provided sworn declarations.

26        Notwithstanding receiving this requested information, on October 7, 2019, Plaintiff filed a

27   First Amended Complaint against Accor.  (Dkt. No. 11. ("FAC").)  It continued to allege that the

28   Claremont has permitted "the unabated release of toxic and otherwise harmful chemicals and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

5

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1   particulates in the vicinity of class members" "for years" (*see, e.g.*, FAC, ¶ 70) and sought to

2   certify three classes of persons similarly situated as Plaintiff from August 28, 2015. (*Id.*, ¶ 28.)

3         On October 21, 2019, Accor moved to dismiss the nine causes of action in the First

4   Amended Complaint and to strike the class and punitive damages allegations. (Dkt. Nos. 18-22.)

5   Accor filed its motions only after having conducted a meet and confer with Plaintiff's counsel on

6   October 18, 2019 about Plaintiff's defective claims, class allegations, and overly broad class

7   period in the First Amended Complaint.  (Dkt. No. 18 at p. 3.)

8         On November 4, 2019, rather than filing oppositions to Accor's motions to dismiss and to

9   strike the First Amended Complaint, Plaintiff filed a Statement of Non-Opposition.  (Dkt. No.

10   29.)  Plaintiff then proceeded to file a Second Amended Complaint, which asserts eight of the

11   same nine causes of action set forth in the FAC.  (Dkt. No. 30.)

## III.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss

14         Dismissal under Rule 12(b)(6) is warranted where the complaint lacks sufficient facts to

15   support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104

16   (9th Cir. 2008).  The Court is not required to accept as true "unreasonable inferences or assume

17   the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d

18   1191, 1200 (9th Cir. 2003).  "Threadbare recitals of the elements … supported by mere

19   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20         In deciding whether to grant leave to amend, "[f]ive factors are frequently used to assess

21   the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the

22   opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his

23   complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 363 (9th Cir. 1990) (affirming denial of

24   leave to amend after the complaint had already been amended).  "[R]epeated failure to cure

25   deficiencies in a complaint is reason enough to deny leave to amend." *Karimi v. GMAC Mortg.*,

26   No. 11-cv-00926-LHK, 2011 WL 5914006, at *3 (N.D. Cal. Nov. 28, 2011) (granting motion to

27   dismiss without leave to amend, because plaintiff had "already failed in two opportunities to

28   properly plead" the claims); *accord Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th

CROWELL
& MORING LLP
ATTORNEYS AT LAW

6

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

Cir. 2008) (leave to amend may be denied for "repeated failure to cure deficiencies by previous amendment"; affirming district court's denial of leave to amend the First Amended Complaint). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen*, 911 F.2d at 373 (internal citations omitted).

### B.   Plaintiff's Amended Negligence Claim Still Fails

#### 1.   Plaintiff Does Not Allege Sufficient Facts to Support that a Duty to Maintain a Hotel's Premises in a Reasonably Safe Condition Also Includes Protecting Patrons from the Use of Fragrance in a Lobby

The elements for negligence are a duty, a breach of duty, causation, and damages. *Bush v. Marriott Vacations Worldwide Corp.*, ED CV 15-01214-AB (KKx), 2015 WL 13546113 at *4 (C.D. Cal. Sept. 4, 2015). A hotel "is not liable where [it] neither knows nor should know" of the alleged risk. *Id.* (dismissing negligence (NIED) claim; "an innkeeper's duty to maintain the premises in a reasonably safe condition does not include protecting patrons from unforeseeable physical assaults" by third parties, despite the resort's alleged "history of injury, death, and drowning.")

Here, Plaintiff fails to allege facts supporting that the Claremont's duty to exercise reasonable care to protect guests "against unreasonable risk of physical harm," also includes a duty to protect from fragrance in a lobby. *Id.; see also* SAC ¶¶ 54-55.  Whether a hotel owes a duty of care depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposing liability. *Bush*, 2015 WL 13546113 at *4.  In her first two complaints, Plaintiff failed to allege facts that her "risk of physical harm" from the scent at the Claremont's entry was "reasonably foreseeable" to Accor, which led Accor to file its first motion to dismiss Plaintiff's negligence claim, which Plaintiff did not oppose.

In her latest amended complaint, Plaintiff attempts but fails to remedy this fatal defect, by adding the missing required element for negligence with an "information and belief" allegation, essentially copying from Accor's first motion to dismiss filed on October 21, 2019. (*Compare* Dkt. No. 19 at 5 ("Plaintiff fails to allege that her "risk of physical harm" from the scent at the Claremont's entrance was 'reasonably foreseeable' to Accor") with SAC ¶ 56 (newly alleging that "Representative Plaintiff is *informed and believes* and, based thereon, alleges that the risk of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

7

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1  harm to Representative Plaintiff and class members was reasonably foreseeable to Defendant and

2  that Defendant knew, or should have known, that releasing compounds known to cause

3  annoyance, emotional distress and/or short- or long-term physical damage would cause harm to

4  Representative Plaintiff and class members.") (emphasis added); *see also* SAC ¶ 57 (alleging that

5  Plaintiff "is *informed and believes* and, based thereon," alleges that each of Accor's breaches of

6  its duties of care were substantial factors in causing Plaintiff's harm) (emphasis added).

7        However, as betrayed by the numerous "information and belief" allegations, Plaintiff still

8  fails to allege a statement of sufficient *facts* underlying her alleged belief that Accor knew or that

9  it was reasonably foreseeable to Accor that fragrance in the lobby would have caused

10  "annoyance, emotional distress and/or short- or long-term physical damage" that would harm

11  anyone, let alone harm Plaintiff.  *See Weinstein v. Saturn Corp*., No. C-07-0348-MMC, 2007 WL

12  1342604, at *1 & n.1 (N.D. Cal. May 8, 2007) (dismissing causes of action and holding that

13  plaintiff's allegation that she is "informed and believes" that defendant provided false information

14  to a third party "is insufficient," because a "statement on 'information and belief' must be

15  'accompanied by a statement of the facts upon which the belief is founded'"); *Knudsen v. CHSI of*

16  *California, LLC*, No. 2:07-cv-02231-MCE, 2008 WL 719248, at *3 (E.D. Cal. Mar. 17, 2008)

17  (granting motion to dismiss alter ego liability claim, due to plaintiff's "conclusory allegations"

18  that he "is informed and believes" that the separateness of defendants had ceased to exist);

19  *Montes v. Zhanjiang Hallsmart Elec. Appliance Co., Ltd*., No. 2:14-cv-01582-TLN-EFB, 2015

20  WL 269486 at *4  (E.D. Cal. Jan. 21, 2015)(simply stating that plaintiff "is informed and believes

21  and thereon alleges that defendants knew that its …[p]ressure [c]ookers were defective and

22  dangerous" was insufficient and, thus, required dismissing request for punitive damages).  The

23  SAC's transparent lack of sufficient facts supporting that Accor knew (or that it was reasonably

24  foreseeable to Accor) that fragrance in its lobby would have caused annoyance, emotional

25  distress, and/or physical damage to Plaintiff and the putative class members requires dismissal of

26  the negligence claim.

27      **2.**    **The Second Amended Complaint Still Fails to Allege Sufficient Facts that Accor Breached Its Duty of Care**

28  Even assuming the SAC adequately alleged that Accor owed a duty of care to Plaintiff and

1  the putative class members to act with reasonable care with respect to their health and safety, the

2  SAC fails to allege sufficient facts that Accor breached its duty, as it fails to allege facts that

3  Accor knew or had reason to know that the fragrance at the entryway would cause "annoyance,

4  emotional distress, and/or short- or long-term physical damage." (SAC ¶ 55.)   This provides a

5  separate and independent basis to dismiss the negligence claim.   Contrary to the vague and

6  conclusory allegation regarding Accor's alleged failure to "exercise reasonable care following

7  complaints made by members of the general public about these noxious compounds and/or their

8  detrimental effects" (*id.*), the SAC is devoid of any factual allegations about who made alleged

9  complaints, in what manner, when, and where.   After failing to allege in her first two complaints

10  that Plaintiff ever complained about fragrance to Accor, in the Second Amended Complaint,

11  Plaintiff vaguely alleges for the first time that she "asked members of Defendant's restaurant staff

12  to cease the use of fragrance or secure seating for her in an area which was not fragranced."

13  (SAC ¶ 90.)   But apart from this new, threadbare allegation, the SAC still fails to allege sufficient

14  facts that Accor knew about Plaintiff's alleged underlying sensitivity, or that Accor even knew

15  why she had made the request.

16      Plaintiff cannot cure these defects with a fourth iteration of her negligence claim.   Her

17  negligence claim should be dismissed with prejudice.   *See, e.g., Karimi*, 2011 WL 5914006 at *3

18  (granting motion to dismiss without leave to amend, as plaintiff had "already failed in two

19  opportunities to properly plead" the claims)

20      **C.    Plaintiff's Battery Claim Fails Because She Fails to Allege Sufficient Facts
           that Accor Contacted Her with the Intent to Harm**

21

22      Plaintiff's second cause of action for battery still fails because the SAC does not allege

23  that Accor intended to cause a harmful touching. The elements of battery are: "(1) defendant

24  touched plaintiff, or caused plaintiff to be touched, *with the intent to harm or offend plaintiff*; (2)

25  plaintiff did not consent []; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a

26  reasonable person in plaintiff's position would have been offended by the touching." *Lawrence v.
    City & Cty. of San Francisco*, 258 F. Supp. 3d 977, 998 (N.D. Cal. 2017)(emphasis added)

27  (internal citation omitted).   The tort of battery should be limited to "reasonable cases." *Robles v.*

28  *In the Name of Humanity We Refuse to Accept a Fascist America*, No. 17-cv-04864-CW, 2018

CROWELL
& MORING LLP
ATTORNEYS AT LAW

9

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

WL 2554740, at *6 (N.D. Cal. June 4, 2018) (granting motion to dismiss battery claim that was based on factual allegations that defendant "shined a flashlight beam at [plaintiff], 'blinding' her."). If a plaintiff alleges "touching" by an intangible substance, such as light, courts "closely scrutinize" whether the substance "made objectively offensive or forcible contact with the victim's person resulting in some manifestation of a physical consequence or corporeal hurt." *Id.*

Here, the Second Amended Complaint is devoid of any facts that Accor engaged in the intentional tort of battery, by causing the fragrance to contact her with the intent to harm or offend her. To the contrary, the SAC's allegations repeatedly make clear that fragrances are often used in hotels to enhance the guests' experience, to promote a signature scent, and to maximize patronage. (*See, e.g.*, SAC ¶¶ 35, 51.) This contradiction is fatal to the battery claim. *Cf. Bush v. Vaco Technol. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *10 (N.D. Cal. 2018) (in light of "competing allegations" about defendants' allegedly insufficient reimbursement for mileage expenses, court could not infer from the FAC that defendant had failed to reimburse plaintiff or the class members for the mileage expenses incurred on the job and thus granting motion to dismiss claim for failure to indemnify).

Plaintiff's attempt to salvage this claim by adding Paragraphs 62 and 63 in the SAC does not help her, as they only confirm the lack of facts about any harm caused by *Accor*. Paragraph 63's free-floating laundry list of alleged general physical symptoms caused by vague and conclusory "toxic chemicals compounds" is untethered to the fragrance used in the Claremont's lobby, to Accor's knowledge, or to the harm allegedly caused by the scent in the Claremont's lobby. Because Plaintiff cannot allege sufficient facts that the fragrance at the Claremont consists of the alleged "toxic chemicals compounds" which allegedly cause the various listed symptoms, nor allege that Accor knew that the Claremont's fragrance caused these symptoms, Plaintiff cannot allege that Accor intentionally touched Plaintiff with the intent to harm or offend her. Since she has already amended her Complaint twice and no factual amendment could cure this deficiency, Plaintiff's intentional battery claim should be dismissed with prejudice.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

10

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.    The Intentional and Negligent Infliction of Emotional Distress Claims Still Fail**

**1.    Plaintiff's IIED Claim Continues to Fail Because She Has Not Alleged Intentional, Extreme and Outrageous Conduct or Serious Emotional Distress**

Plaintiff's fourth cause of action for intentional infliction of emotional distress ("IIED") claim also fails, because she has not sufficiently alleged facts that (i) the Claremont's use of fragrance constitutes extreme and outrageous conduct intended to cause her severe emotional distress, or (ii) that Plaintiff actually suffered severe emotional distress. "[A] plaintiff must allege that '(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress.'" *Mendaros v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-CV-06092-HSG, 2017 WL 2352143, at *7 (N.D. Cal. May 31, 2017); *accord Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160–61 (2014).

Plaintiff fails to sufficiently plead that the Claremont's use of fragrance was "intended" to cause her severe emotional distress.  At best, Plaintiff alleges that the Claremont intentionally *used* the fragrance.  But such an allegation is insufficient to plead an IIED claim, and the SAC is devoid of any allegation that the Claremont's use of fragrance was intended to severely distress Plaintiff (or any other hotel visitor).  *See Mendaros*, at *7.  Indeed, Plaintiff pleads the opposite. The Second Amended Complaint continues to allege—repeatedly—that hotels commonly use fragrances for a variety of reasons intended to please their guests.  (*Id*. at ¶¶ 35, 44, 55.)

Plaintiff also provides no facts to support that the Claremont's use of fragrance constitutes "extreme and outrageous conduct."  Plaintiff must plead with great specificity, *Yau,* 229 Cal. App. 4th at 160-61, that the conduct is "'so extreme and outrageous' that it 'exceed[s] all bounds of that usually tolerated in a civilized society.'" *Howard v. Regents of Univ. of California*, No. C 99-1339 SI, 2000 WL 424192, at *10 (N.D. Cal. Apr. 12, 2000) (dismissing IIED claim based on work behavior "demonstrating poor judgment and manners" because, as a matter of law, the alleged conduct was nonetheless not "extreme and outrageous").  Plaintiff falls short of this standard, colorfully insisting only that fragrances are "injurious hazards," and that Accor's failure

CROWELL
& MORING LLP
ATTORNEYS AT LAW

11

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    to maintain safe premises free of such injurious hazards was "outrageous conduct." (SAC ¶ 74.)

2    According to Plaintiff, a "reasonable person" would consider the presence of these "toxic

3    substances" that allegedly injured her and class members as "intolerable." (*Id.*) Yet, she

4    acknowledges that much of the "multi-nation" population reports no adverse health effects when

5    encountering fragrances—they simply avoid or welcome them, as a matter of preference. *See id.*

6    ¶¶ 1 (alleging 21.2% of adults suffer from "chemical sensitivity/multiple chemical sensitivity,"

7    thus implicitly acknowledging that approximately four out of five adults do not), 3 (alleging

8    "34.7% of Americans report adverse health effects when exposed to fragrance[]," thereby

9    suggesting that 65.3% do not), 38, 40. Plaintiff also concedes that fragrances are commonly used

10   in hotels for the ordinary business purposes of "enhanc[ing] the guest experience," "mask[ing]

11   odors," and attracting business (*id.* at ¶¶ 5, 35, 44), thereby undermining her assertion that a

12   hotel's use of fragrance constitutes "extreme and outrageous" conduct.[4] (*Id.* ¶ 73.)

13          Further, Plaintiff fails to allege Accor "engaged in 'conduct intended to inflict injury or

14   engaged in *with the realization that injury will result*.'" *Christensen v. Superior Court*, 54 Cal.

15   3d 868, 903 (1991) (emphasis added) (affirming demurrer where defendants did not act with

16   "purpose of causing the plaintiffs emotional distress"). Such conduct must be "directed at the

17   plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Id.* Yet, the

18   SAC does not allege that the Claremont's use of fragrance was intended to cause Plaintiff, or

19   anyone else, severe emotional distress. To the contrary, Plaintiff's Second Amended Complaint

20   repeatedly concedes that the use of fragrance is intended to improve the guests' experience, thus

21   defeating her own claim. (SAC ¶¶ 5, 35, 49, 50, 51) (admitting that the Claremont uses fragrance

22   for "branding" and "business" purposes "to maximize revenue and profitability," such as to

23   "promote a signature scent" and "enhance[] guest experience").

24          Apparently recognizing that Accor had no intent to injure its guests, Plaintiff alternatively

25   _____

26   [4] *See generally* CACI 1602 (Intentional Infliction of Emotional Distress – "Outrageous Conduct"
     Defined) ("'Outrageous conduct' is conduct so extreme that it goes beyond all possible bounds of
     decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in
27   a civilized community. Outrageous conduct does not include trivialities such as indignities,
     *annoyances,* hurt feelings, or bad manners that a reasonable person is expected to endure.")
28   (emphasis added).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

12

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1   claims that Accor's use of fragrance was done "with reckless disregard of the probability of

2   causing injury to . . . Plaintiff and class members." (*Id*. ¶ 77.)  But the law limits IIED claims "to

3   egregious conduct *toward plaintiff* proximately caused by defendant.  The only exception to this

4   rule is . . . when the defendant is aware of, but acts with reckless disregard of the plaintiff and the

5   probability that his conduct will cause severe emotional distress to that plaintiff." *Christensen*, 54

6   Cal. 3d at 905 (emphasis added; internal citation omitted).  Such a claim cannot "be supported

7   where there [are] no allegations that the defendant's conduct was carried out with knowledge that

8   the plaintiffs were present and severe emotional injury would result."  *Noble v. Wells Fargo*

9   *Bank, N.A.*, No. 1:14-cv-01963-TLN, 2015 WL 5687675, at *7 (E.D. Cal. Sept. 25, 2015); *accord*

10  *Akey v. Placer Cty.*, No. 2:14-cv-2402-KJM, 2015 WL 5138152, at *8 (E.D. Cal. Sept. 1, 2015)

11  (dismissing IIED claim).

12      Plaintiff fails to allege any facts to support a conclusion that Accor acted with knowledge

13  or "reckless disregard" of her, such that fragrance use would likely result in "severe emotional

14  distress." *See Christensen*, 54 Cal. 3d at 905.  She fails to sufficiently allege that Accor knew

15  about her underlying sensitivity or the harm the fragrance allegedly caused her.  The closest she

16  comes is the vague allegation that she "asked members of Defendant's restaurant staff to cease

17  the use of fragrance or secure seating for her in an area which was not fragranced." (SAC ¶ 90).

18  Tellingly, Plaintiff does not allege that she informed anyone at Accor that (i) she had an

19  underlying sensitivity to fragrance; (ii) exposure to the fragrance was causing her severe

20  emotional distress; or (iii) exposure to fragrance was likely to cause her severe emotional distress.

21  Apart from this sole allegation, the SAC contains no facts demonstrating that Accor knew or had

22  any reason to know that the fragrance could even injure Plaintiff.  To the extent Plaintiff alleges

23  that Accor acted with "reckless disregard" of the probability of injuring her, the SAC falls short

24  of alleging sufficient facts showing that Accor *knew* of her sensitivity and that the fragrance in the

25  lobby would cause her severe emotional distress.

26          **2.      Plaintiff Fails to Allege She Suffered Severe Emotional Distress**

27      Plaintiff's IIED claim separately fails because she does not allege sufficient facts

28  reflecting that she suffered severe emotional distress caused by exposure to fragrance at the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Claremont.  To state such a claim, a plaintiff must "explain the nature and extent of the mental distress suffered."  *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 712 (N.D. Cal. 2014) (dismissing an IIED claim; plaintiff alleged only "conclusory allegation that Defendants' actions 'cause[d] her mental anguish, anxiety, and distress" and that "she 'felt extremely emotionally distressed and pained, fearing for her job and livelihood'").  With respect to requiring "that the plaintiff show severe emotional distress, this court has set a high bar."  *Connolly v. Remkes*, No. 5:14-cv-01344-LHK, 2014 WL 5473144, at *13 (N.D. Cal. Oct. 28, 2014).  "Plaintiff must allege facts that demonstrate he suffered 'emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.'"  *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1192 (S.D. Cal. 2010) (dismissing IIED claim where plaintiff "offer[ed] only the conclusory allegation that he suffered 'severe and extreme mental and emotional distress'").

Like the allegations in *Landucci*, Plaintiff's IIED allegations that she suffered "severe emotional distress and mental suffering," (SAC ¶ 76) is conclusory and, thus, insufficient to meet this Court's "high bar."  Plaintiff's alleged injuries are also insufficient.  Plaintiff asserts that as a result of her visit to the Claremont, she suffered "soreness in her throat and neck, excruciating headaches, and nausea."  (*Id.* ¶ 64.)  But apart from alleging that her headaches were excruciating, Plaintiff provides no information regarding the severity of her sore throat and neck or nausea.  Nor does the SAC contain any allegations that Plaintiff actually sought medical treatment, instead cleverly using the disjunctive "and/or" before reciting the boilerplate phrase "medical, hospital, psychological and related expenses."  (*Id.* ¶ 76.).  Plaintiff's other general assertions do not rise above the level of everyday frustrations or annoyances.  For instance, Plaintiff alleges that, "[g]enerally," she "seek[s] to avoid certain public areas and cannot sit in proximity to others wearing fragrances."  (*Id.* ¶¶ 17, 18, 80.)  Such an amorphous, general allegation — again, untethered to the Claremont or Accor — falls short of emotional distress "of such substantial quantity or enduring quality," that no "reasonable" person "in a civilized society should be expected to endure."  *See Steel*, 726 F. Supp. 2d 1172 at 1192.

After three complaints, no further amendment will cure Plaintiff's problem: a reasonable

CROWELL
& MORING LLP
ATTORNEYS AT LAW

14

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

person in her position would not have experienced severe emotional distress by being "touched" by fragrance at the lobby.  The IIED claim should be dismissed with prejudice.

### 3. The Negligent Infliction of Emotional Distress Claim Continues to Fail, As Plaintiff Does Not Allege Facts Establishing Serious Emotional Distress

The Second Amended Complaint's continued failure to sufficiently allege facts supporting actual emotional distress also dooms Plaintiff's claim for negligent infliction of emotional distress ("NIED") as well. The elements of the claim are that the defendant was negligent, the plaintiff suffered serious emotional distress, and the defendant's negligence was a substantial factor in causing the plaintiff's serious emotional distress. *Doe v. City of San Mateo*, No. C-07-05596-SI, 2011 WL 500203, at *9 (N.D. Cal. Feb. 9, 2011). "*Serious* emotional distress is an essential element of a cause of action for negligent infliction of emotional distress." *Hunt v. City of Los Angeles*, No. CV 17-8064 AG (SS), 2019 WL 4308781, at *22 (C.D. Cal. Mar. 4, 2019).  Conclusory allegations alone are insufficient. *San Joaquin Deputy Sheriffs' Ass'n v. Cty. of San Joaquin*, 898 F. Supp. 2d 1177, 1192–93 (E.D. Cal. 2012) (dismissing negligent infliction of emotional distress claim without leave to amend, due to conclusory allegations of "severe emotional distress" and "physical and emotional injuries" including "general physical upset and manifestations of severe emotional distress").

Here, Plaintiff has failed to allege facts supporting her conclusory allegation that she suffered emotional distress. *See* Sec. III.D.2. The failure to plead specific facts about the emotional distress suffered, after three attempts, is fatal to the negligent infliction of distress claim.

### 4. The Emotional Distress Claims Should Be Dismissed with Prejudice

Where the complaint not only fails to state a claim for intentional or negligent infliction of emotional distress, but also "contradicts Plaintiffs' assertion that the emotional distress suffered . . . was debilitating or intolerable," such defects cannot be cured. *Wheeler v. City of Oakland*, No. C 05-0647 SBA, 2006 WL 1140992, at *12 (N.D. Cal. Apr. 28, 2006) (dismissing intentional and negligent infliction of emotional distress claims with prejudice where letter attached to the complaint contradicted plaintiff's severe emotional distress allegation).

Moreover, "Plaintiff has already clearly stated the facts regarding the underlying conduct"

CROWELL
& MORING LLP
ATTORNEYS AT LAW

15

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1   and, on its face, "such conduct is not so outrageous in character and extreme in degree as to go

2   beyond all possible bounds of decency and be utterly intolerable in a civilized society." *Wells v.*

3   *Gonzales*, No. 1:17-cv-01240-DAD, 2018 WL 1665439, at *7 (E.D. Cal. Apr. 6, 2018), *report*

4   *and recomm. adopted,* 2018 WL 3472548 (E.D. Cal. July 18, 2018) (dismissing IIED claim with

5   prejudice, for failing to sufficiently allege that underlying conduct was outrageous and extreme).

6   Where, as here, the conduct has already been clearly described in the Complaint, the First

7   Amended Complaint, and now the Second Amended Complaint and yet still fails to state a claim,

8   dismissal with prejudice is appropriate. *Id.*

9   **E.   Plaintiff's UCL Claim Continues to Fail Because She Has Adequate Remedies at Law and Has Not Alleged Facts Sufficient to Establish Entitlement to Restitution**

10

11   **1.   Plaintiff's UCL Claim Fails Because She Has Adequate Remedies at Law**

12   Plaintiff's eighth claim for relief alleging violation of the Unfair Competition Law (Bus.

13   & Prof. Code § 17200 *et seq.*) should be dismissed, because she has pled adequate legal remedies

14   in her claims for damages.  It is well-established that the UCL provides only equitable remedies.

15   *Rhynes v. Stryker Corp.*, No.10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)

16   (dismissing UCL claim without leave to amend and holding that "Plaintiffs' argument that they

17   will have no adequate remedy at law if their other claims fail is unavailing"); *Salas v. Toyota*

18   *Motor Sales, U.S.A., Inc.*, No. CV-15-8629, 2016 WL 7486600, at *13-14 (C.D. Cal. Sept. 27,

19   2016) (dismissing UCL claim where plaintiff sought damages arising from same underlying

20   conduct).  "A plaintiff seeking equitable relief in California must establish that there is no

21   adequate remedy at law available."  *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL

22   4111448, at *16-17 (N.D. Cal. July 7, 2015) (dismissing UCL claim without leave to amend

23   because plaintiff had pled other legal remedies).  Plaintiff seeks, among other things, damages

24   through her tort claims (negligence, battery, and intentional and negligent infliction of emotional

25   distress), statutory damages under California's Unruh Act, and attorneys' fees under other claims,

26   such as her California Health & Safety Code section 19955(a) claim.  (*See, e.g.*, SAC ¶ 108,

27   "Relief Sought".)  Accordingly, Plaintiff's UCL claim should be dismissed.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

16

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

### 2.     Plaintiff Has Not Alleged Sufficient Facts Showing an Entitlement to Restitution

Plaintiff's UCL claim should be dismissed for the additional reason that the UCL only provides restitution or injunctive relief to private plaintiffs.  However, Plaintiff fails to allege facts supporting an entitlement to restitution, the only monetary remedy available to her under the statute.  *Clark v. Superior Ct.*, 50 Cal. 4th 605, 610, 613 (2010); *see also Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005).  Restitution "restore[s] the status quo by returning to the plaintiff funds in which . . . she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146, 1149 (2003).  The "notion of restoring something to a victim of unfair competition" has two requirements: (1) the offending party obtained something to which it was not entitled and (2) the victim gave up something which she was entitled to keep.  *Feitelberg*, 134 Cal. App. 4th at 1012 (citation omitted).

Here, Plaintiff's request for "disgorgement of all profits obtained by [Accor] through the unfair, unlawful and deceptive business practices described herein" is not restitution.  (SAC ¶ 110.)  Restitution compels a UCL defendant to return money wrongly obtained to the person from whom the money was taken. *Korea Supply*, 29 Cal. 4th at 1144-45.  But the Supreme Court has repeatedly held that disgorgement is not restitution if it would require a defendant to surrender *all* profits earned because of an alleged business practice, even where plaintiff expected to receive those profits.  *Id.* at 1144-45, 1149-50 (broker for manufacturer who unsuccessfully bid for contract could not recover against competing successful bidder for loss of expected commission fee); *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 168 (2000) (unlawfully withheld wages recoverable as restitution, but not employer's profits).  Therefore, Plaintiff's overbroad claim for "disgorgement of all profits" fails.[5]

As Plaintiff has adequate remedies at law and, in any event, has not sufficiently alleged

---

[5] To the extent that Plaintiff's UCL claim is premised on an alleged "fraudulent business practice" of Accor's, *see* SAC ¶ 111, Plaintiff is required to plead the UCL claim with the particularity required by Rule 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action" and applies any time a plaintiff alleges "the defendant has engaged in fraudulent conduct," even if fraudulent conduct is not a necessary element of the claim under substantive state law).  Plaintiff's failure to do so after three complaints provides another basis to dismiss the UCL claim without leave to amend.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

17

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

entitlement to restitution despite amending her Complaint twice already, her UCL claim should be dismissed with prejudice.

**F.      The Class Action Allegations Should Be Stricken, Because the Overbroad Class Includes Members Who Have Not Been Injured and Cannot State A Claim Against Accor**

**1.      Legal Standards for Motion to Strike**

Under Rule 12(f), the "court may strike from a pleading" "any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted); *overruled on other grounds*, 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Class allegations can be stricken at the pleading stage.  *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014).  Rule 12(f) is also the proper procedural vehicle to strike a prayer for relief where requested relief is not recoverable as a matter of law. *In re Mission Bay Jet Sports, LLC*, No. 08-cv-0146 JM (CAB), 2010 WL 144441, at *3 (S.D. Cal. Jan. 11, 2010).

A member of a class may sue as a representative party on behalf of all members only if she satisfies the prerequisites set forth in Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." The named plaintiff must also demonstrate that the class is ascertainable. *Cf. Bishop v. Saab Auto A.B.*, No. CV 95-0721-JGD (JRX), 1996 WL 33150020, at *5 (C.D. Cal. Feb. 16, 1996).

**2.      The Class Allegations Are Overbroad, Because They Include Individuals Who Do Not Have an Alleged Sensitivity to Fragrance and, Thus, No Injury**

A motion to strike class allegations is proper when the proposed class is overbroad or where class allegations are inconsistent with plaintiff's theory of the case.  *Sandoval, supra,* 34 F. Supp. 3d at 1043 (granting motion to strike overbroad and inconsistent class allegations); *accord Enoh v. Hewlett Packard Enterprise Co.*, No. 17-cv-04212-BLF, 2018 WL 3377547 at *14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

18

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    (granting motion to strike class allegations due to overbroad class definition); *Lyons v. Bank of*

2    *America, N.A.*, No. C11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting

3    motion to strike class allegations, because "the proposed class includes many members who have

4    not been injured").  The district court has authority to grant motions to strike class allegations

5    before discovery, if the complaint demonstrates that a class action cannot be maintained.  To

6    constitute an ascertainable class, class members must have suffered an injury, without which they

7    have no standing to sue.  *Lyons*, 2011 WL 6303390, at *7.

8        Here, Plaintiff's class allegations remain hopelessly overbroad and the class is not

9    ascertainable.  Despite three different opportunities to allege a viable class action complaint, the

10   proposed classes would include not only Claremont visitors with varying underlying conditions

11   who were allegedly proximately damaged by Accor's use of fragrance in the Claremont's lobby,

12   but also the vast majority of Claremont visitors who do not have *any* alleged sensitivity to

13   fragrance at all. (SAC ¶¶ 8, 40.)  Specifically, Plaintiff purports to bring the class action on behalf

14   of "all persons similarly situated and proximately damaged by [Accor's] conduct," including: (1)

15   a *personal injury class*, consisting of "[a]ll persons who visited the Claremont Club & Spa

16   between August 28, 2015 and the trial of this matter," (2) an *injunctive relief class*, consisting of

17   "[a]ll persons who visited the Claremont Club & Spa between August 28, 2015 and the trial of

18   this matter and seek an order enjoining Defendant from releasing fragrances into the air at the

19   Claremont Club & Spa," and (3) a *punitive damages class*, consisting of "[a]ll persons entitled to

20   compensatory damages as a result of the misconduct of Defendant with respect to the release of

21   toxic fragrance compounds and/or harmful particulate matter at the Claremont . . . between

22   August 28, 2015 and [] trial."  (*Id*. ¶ 27.)

23       Plaintiff alleges that "[e]veryone is susceptible to [h]arm from [u]nwelcome [f]ragrances."

24   Thus, she claims to represent as class members everyone who has visited the Claremont since

25   August 2015, including the majority of Claremont guests and visitors who experienced no

26   physical reactions to "fragrance inhalation/contact."  (*Id*. ¶ 40).  She does so, on the basis that

27   they nonetheless allegedly "experience an annoyance and an unwanted touching (a.k.a., a

28   'Battery') from Defendant's fragranced compounds/particulates, emotional distress, and loss of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

19

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

smell and taste" as a result of their alleged exposure to fragrance at the Claremont's entrance. (*Id.* ¶¶ 38). Her audacious statement is based upon unidentified, "[v]arious multi-nation studies" which have purportedly examined "the prevalence of fragrance sensitivity." (*Id.*) However, the SAC fails to tie these "multi-nation" studies' findings to the characteristics of American adults or California residents, let alone to the *Claremont'*s guests or visitors.[6]

By proposing three classes that include both individuals with varying underlying sensitivities to fragrance who have been allegedly harmed, along with individuals who experience no "noticeable physical reactions to fragrance inhalation/contact" and have not been injured, Plaintiff's proposed classes include "many members who have not been injured." *Lyons*, 2011 WL 6303390, at *7. Without injury, there is no Article III standing for the vast majority of the proposed class members. Plaintiff's class allegations should be stricken without leave to amend.

### 3. Plaintiff's Theory of the Case Regarding Fragrance Sensitivity Is Inconsistent with Her Inclusion of Symptom-Free Individuals in the Proposed Class

In addition to being overbroad, Plaintiff's class allegations are inconsistent with her theory of the case. The thrust of the Second Amended Complaint is that individuals with an alleged sensitivity to fragrance *may* suffer adverse health effects due to fragrance exposure, such as migraines and asthma attacks. (SAC ¶ 39.) But these allegations are inconsistent with Plaintiff's purported representation of class members who suffer *no* adverse health effects in response to fragrance at the Claremont. The SAC only alleges that they have also been "damaged" by experiencing an "annoyance" and an allegedly "unwanted touching" by the "dangerous" or "toxic" fragrance. (*Id.* ¶¶ 2, 6, 8, 40.) In contrast to the litany of symptoms alleged for those with a purported "Fragrance Sensitivity" or "Multiple Chemical Sensitivity," those Claremont patrons

---

[6] Even assuming, *arguendo,* that Plaintiff sought to represent as class members a smaller class consisting of: (a) Claremont patrons or visitors who are asthmatic adults who report adverse health effects from exposure to fragrance at the Claremont lobby; (b) adults who allegedly suffer from Chemical Sensitivity and/or Multiple Chemical Sensitivity ("MSC") [sic] who also report adverse health effects from exposure to fragrance at the Claremont lobby; and (c) adults who are diagnosed with "Fragrance Sensitivity" as well as the sub-population of persons who allegedly suffer from Autism/ASDs, who also report Chemical or Fragrance Sensitivity, such a class could still not proceed as a class action under Rule 23, for the reasons discussed in Section F.3 and 4 below. (*Id.* ¶ 38).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

and visitors without such a sensitivity are alleged to have experienced, at most, a seemingly *de minimis* "loss of smell and taste."[7]  (*Id.* ¶ 40.)  These inconsistent allegations provide another basis for dismissing the class action allegations.  *See Sandoval*, 34 F. Supp. 3d at 1043 (granting motion to strike inconsistent class allegations); *cf. Wheeler*, 2006 WL 1140992 at *12 (dismissing with prejudice intentional and negligent infliction of emotional distress claims which were inconsistent with correspondence attached to complaint).

### 4.  The Complaint Reflects that Individual Issues Predominate and that Plaintiff's Claims Are Not Typical, Thus Precluding A Class Action

Rule 23(a) requires that a class action can be maintained only if, *inter alia*, there are "questions of law or fact common to the class" and the claims of the representative parties "are typical" of the claims of the class – i.e., commonality and typicality.  Fed. R. Civ. Pr. 23(a)(2),(a)(3).

Here, the proposed classes will present varying issues of law and fact, depending on each individual and each individual's symptoms or reactions to the fragrance (or lack thereof), thereby defeating Rule 23's commonality requirement.  For example, "the personal injury class" purports to include "[a]ll persons who visited the Claremont" and, therefore, purports to include the Claremont visitors who are "lucky enough to not share this level of susceptibility" and are merely "annoy[ed] or "touch[ed]" by the fragrance.  (SAC ¶¶ 8, 27.)  Although Plaintiff alleges that common questions and issue of fact and law predominate, it is obvious from the face of the SAC that they do not.  For example, even determining whether a battery claim has been alleged would require determining whether each putative member considered the alleged "touching" by the fragrance to be "unwelcome."  (SAC ¶¶ 29b, 59-65.)

Nor are Plaintiff's claims typical of those members who would constitute the majority of the proposed classes: her own statistics cited from the unidentified studies acknowledge that she is part of a minority of adults who purportedly experience these sensitivities or conditions. (*See, e.g.,* SAC ¶ 38) (discussing that approximately 21% of adults who suffer from "Chemical

---

[7] The SAC's allegation that Claremont visitors who do not experience symptoms in response to fragrance inhalation or contact, yet purportedly suffered "emotional distress" belies common sense. (SAC ¶ 40.)

CROWELL
& MORING LLP
ATTORNEYS AT LAW

21

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    Sensitivity" and/or "Multiple Chemical Sensitivity," thus implicitly acknowledging that nearly

2    80% of adults do not).  Further, several of Plaintiff's causes of action presume putative classes of

3    persons with disabilities, such as herself; as a result, Plaintiff's ADA, Unruh Act, or Health and

4    Safety Code claims, just to name a few, are not typical of the claims which other Claremont

5    visitors without any fragrance sensitivity will be able to assert.  Therefore, the ADA, Unruh Act,

6    and Health and Safety Code claims, as well as the accompanying intentional and negligent

7    infliction of emotional distress claims, are not typical of the more limited claims which the

8    alleged "persons not experiencing noticeable physical reactions to fragrance inhalation/ contact"

9    might be able to assert, such as battery, based on the theory that being exposed to a scent at the

10   Claremont's entryway is an "unwanted touching."  (SAC ¶ 40.)  Given the overbroad, atypical,

11   and disparate issues of fact and law presented by Plaintiff's putative classes, this Court should

12   strike the class action allegations.  *See Enoh*, 2018 WL 3377547 at * 14-15 (granting motion to

13   strike class allegations at outset of case to protect defendant from burdensome and unnecessary

14   class discovery).

15           **G.      Plaintiff's Punitive Damages Claim Should Be Stricken**

16           To recover punitive damages, a plaintiff must meet the requirements of Civil Code section

17   3294, namely, to "prove[] by clear and convincing evidence that the defendant has been guilty of

18   oppression, fraud, or malice."  Civil Code § 3294(a).  "Malice" means "conduct which is intended

19   by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the

20   defendant with a willful and conscious disregard of the rights or safety of others."  "Oppression"

21   means "despicable conduct that subjects a person to cruel and unjust hardship in conscious

22   disregard of that person's rights."  "Fraud" means an intentional misrepresentation, deceit, or

23   concealment of a material fact known to the defendant with the intention on the part of the

24   defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

25   *Id*. at § 3294(c)(1), (2), and (3).  Significantly, "punitive damages should not be allowable upon

26   evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence or

27   oppressiveness.  Rather some evidence should be required that is inconsistent with the hypothesis

28   that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

22

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1    zealousness, mere negligence or other such noniniquitous human failing." *Tomaselli v.*

2    *Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1288, n.14 (1994).

3         Plaintiff's request for "punitive and exemplary damages" should be stricken for two

4    reasons.  (*See* SAC, Relief Sought, ¶ 7.)  First, the SAC, taken as a whole, does not allege a

5    sufficient factual basis to support that Accor was guilty of malice, oppression, or fraud, based

6    upon using scent at the Claremont's entryway.  (*See, e.g.,* SAC, ¶ 8 (alleging that the Claremont

7    has a "policy of releasing fragrance compounds upon individuals as they traverse the Claremont's

8    front entrance.").)  To the contrary, the SAC is replete with "information and belief" allegations

9    throughout, to make up for the lacking facts.  (*See, e.g., id.*, ¶ 111 (referring to the "knowing

10   conduct of Claremont" as alleged herein, yet prior allegations of supposed "knowledge" are based

11   upon information and belief).).  "The mere carelessness or ignorance of a defendant does not

12   justify the imposition of punitive damages."  *Montes v. Zhanjiang Hallsmart Elec. Appliance Co.,*

13   *Ltd.*, No. 2:14-cv-01582-TLN, 2015 WL 269486 (E.D. Cal. Jan. 21, 2015) (finding that plaintiff

14   failed to plead facts that would allow the Court to draw the reasonable inference that defendants

15   are liable for punitive damages and, thus, dismissing such damages).

16        Second, to the extent that this Court dismisses the battery and intentional infliction of

17   emotional distress claims, the request for punitive and exemplary damages should also be

18   stricken.  These two intentional tort claims are the only causes of action in the Second Amended

19   Complaint for which Plaintiff seeks punitive and exemplary damages.  *Bryan v. Wal-Mart Stores,*

20   *Inc.*, No. C 08-05221 SI, 2013 WL 3246091, at *5 (N.D. Cal. June 26, 2013) (granting motion to

21   strike punitive damages prayer where all punitive damages claims in complaint were eliminated).

22   **IV.    CONCLUSION**

23        For all the foregoing reasons, Accor Hotels & Resorts (Maryland) LLC respectfully

24   requests that the Court GRANT its Motion to Dismiss and to Strike the Second Amended

25   Complaint without leave to amend.

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

23

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED:  November 18, 2019          CROWELL & MORING LLP

By:   */s/ A. Marisa Chun*
      A. MARISA CHUN
      *Attorney for Defendant*
      ACCOR HOTELS & RESORTS (MARYLAND) LLC

Crowell
& Moring LLP
Attorneys At Law

24

ACCOR'S MOTION TO DISMISS AND/OR STRIKE
SECOND AMENDED COMPLAINT;
CASE NO. 4:19-CV-06174-HSG