UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BOGOSIAN CHOSE,<br><br>    Plaintiff,<br><br>v.<br><br>ACCOR HOTELS & RESORTS (MARYLAND) LLC,<br><br>    Defendant. | Case No. 19-cv-06174-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 32 |

Pending before the Court is Defendant Accor Hotels & Resort LLC's motion to dismiss and motion to strike. Dkt. No. 32. The Court held a hearing on the motions on January 23, 2020. *See* Dkt. No. 38. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss and motion to strike.

**I. BACKGROUND**

Plaintiff Michelle Bogosian Chose alleges that Defendant exposed patrons of the Claremont Club and Spa in Berkeley, California to "dangerous fragrance" in its lobby, by "showering unsuspecting guests/patrons with substances known to cause respiratory problems, headaches, skin irritation, and gastrointestinal, cardiovascular and cognitive problems." *See* Dkt. No. 30 ("SAC") at ¶¶ 2, 39. Plaintiff alleges that Defendant "piped" these fragrances "in through Claremont's HVAC system" "without warning, and without ample regard to the short term, long term and/or discriminatory impact upon disabled persons." *See id.* at ¶¶ 3, 5, 45–52. According to Plaintiff, studies have shown that such fragrances may contain chemicals derived from toxic petrochemicals and other potential carcinogens. *See id.* at ¶¶ 3–4, 36–37. Plaintiff also notes that she is particularly sensitive to such fragrances, and when exposed "her throat begins to tighten which gives her the sensation that her airway has become impeded," and she gets "excruciating

headaches" and "feelings of nausea" that "continue for many hours." *See, e.g.*, *id.* at ¶ 17. Plaintiff alleges that Defendant received complaints about its use of the fragrance and its health effects, but did not discontinue its use at the Claremont. *See, e.g., id.* at ¶ 52.

On the basis of these facts, Plaintiff alleges a cause of action for violation of the American with Disabilities Act ("ADA"), as well as state law claims for negligence; negligent infliction of emotional distress ("NIED"); intentional infliction of emotional distress ("IIED"); violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*; violation of California Health and Safety Code § 19955(A); and violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq. See id.* at ¶¶ 53–120. Plaintiff also seeks to certify three California classes:

- A Personal Injury Class of "[a]ll persons who visited the Claremont Club & Spa between August 28, 2015 and the trial of this matter";
- An Injunctive Relief Class of "[a]ll persons who visited the Claremont Club & Spa between August 28, 2015 and the trial of this matter and seek an order enjoining Defendant from releasing fragrances into the air at the Claremont Club & Spa"; and
- A Punitive Damages Class of "[a]ll persons entitled to compensatory damages as a result of the misconduct of Defendants with respect to the release of toxic fragrance compounds and/or harmful particulate matter at the Claremont Club & Spa between August 28, 2015 and the trial of this matter."

*See id.* at ¶¶ 6, 18, 28.

Defendant moves to dismiss many of Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6) and to strike the class action allegations and claim for punitive damages under Federal Rule of Civil Procedure 12(f). *See* Dkt. No. 32.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Yet even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**B.     Rule 12(f)**

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. In moving to strike, a party seeks "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to strike a portion of the pleadings is within the sound discretion of the court. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Nevertheless, in ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issue[s]." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted).

//

//

United States District Court
Northern District of California

### III. ANALYSIS

#### A. Motion to Dismiss

##### i. Negligence

Defendant first argues that Plaintiff's negligence claim fails because she has not alleged facts supporting a duty to exercise reasonable care to protect hotel guests from the allegedly toxic fragrances, nor has she alleged that Defendant breached such a duty even assuming one existed. *See* Dkt. No. 32 at 7–9. Both duty and breach are essential elements of a negligence claim, which requires "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996) (quotation omitted). The Court takes each argument in turn.

Defendant urges that it has no legal duty of care to its patrons because any harm from its use of fragrances in the lobby is not reasonably foreseeable. "[T]he existence of a duty is a question of law for the court." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th 814, 819 (Cal. 1997). Under California law, although a business proprietor is not an insurer of a patron's safety, it does have a duty to protect patrons from reasonably foreseeable harm. *See id.* at 819; *see also Howard v. Omni Hotels Mgmt. Corp.*, 203 Cal. App. 4th 403, 431 (Cal. Ct. App. 2012) ("Hotel proprietors have a special relationship with their guests that gives rise to a duty to protect them against unreasonable risk of physical harm." (quotation omitted)). It is thus well established that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." Cal. Civ. Code § 1714.

Defendant points to a single sentence in Plaintiff's complaint, arguing that it is insufficient to allege "on information and belief" that "the risk of harm to Representative Plaintiff and class members was reasonably foreseeable to Defendant and that Defendant knew, or should have known, that releasing compounds known to cause annoyance, emotional distress and/or short- or long-term physical damage would cause harm to Representative Plaintiff and class members." *See* Dkt. No. 32 at 7–8 (citing SAC at ¶ 56). Yet Defendant's argument ignores the rest of Plaintiff's complaint. Plaintiff alleges that Defendant had "actual knowledge" of the risk of exposure to

4

fragrances, *see* SAC at ¶ 10, and that during the class period "Defendant received complaints from class members regarding Defendant's use of fragrance, including their health effects on class members," *see id.* at ¶ 52. Plaintiff also alleges that she complained to Defendant during her visit to the Claremont in February 2019, asking Defendant's employees "to cease the use of fragrance or secure seating for her in an area which was not fragranced." *See id.* at ¶¶ 82, 90. Moreover, Plaintiff alleges that the health risks of using such fragrances is well-known, *see, e.g.*, *id.* at ¶ 37, citing, for example, California's Office of Environmental Health Hazard Assessment, which maintains a publicly-accessible list of chemicals known to the State to cause cancer or reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Prop 65"), *see id.* at ¶ 4, & n.4; as well as policies promulgated by the Centers for Disease Control and Prevention regarding the risk of using fragranced products in the workplace, *see id.* at ¶ 42, & n.14.

To the extent Defendant suggests that Plaintiff must plead more about Defendant's knowledge of the possible harm to its patrons, *see* Dkt. No. 32 at 9, Defendant proffers no legal authority requiring this level of particularly for a negligence claim under Rule 8. Even under Rule 9's heightened pleading standard "the pleader is not required to allege facts that are peculiarly within the opposing party's knowledge." *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493–94 (9th Cir. 2019). At least for purposes of the motion to dismiss, Plaintiff has sufficiently alleged the foreseeability of harm—and the existence of a duty to protect patrons—from purportedly toxic fragrances at the Claremont.

Similarly, Plaintiff has sufficiently alleged that Defendant breached this duty by "showering unsuspecting guests/patrons with substances known to cause respiratory problems, headaches, skin irritation, and gastrointestinal, cardiovascular and cognitive problems." *See id.* at ¶ 2. The complaint explains how at the Claremont, Defendant "aims the[] toxic compounds directly at guests/patrons as they walk through the Claremont's front door" by dispersing them through the hotel's HVAC system. *See id.* at ¶ 47. The Court understands that Defendant disagrees with the existence and foreseeability of any harm from the fragrances it uses, but the Court is not tasked with evaluating the veracity of Plaintiff's allegations at this stage in the

5

litigation. Accepting Plaintiff's allegations as true, as it must, the Court finds that Plaintiff has alleged sufficient facts for purposes of the motion to dismiss stage.

### ii. Battery

Defendant next contends that Plaintiff's battery claim fails because she has failed to allege facts supporting the claim that Defendant intended to harm her with the use of fragrances at the hotel. Under California law, battery requires "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So v. Shin*, 212 Cal. App. 4th 652, 669 (Cal. Ct. App. 2013), *as modified on denial of reh'g* (Jan. 28, 2013). Defendant challenges the first element, that the fragrance was disbursed "with the intent to harm or offend plaintiff." *See* Dkt. No. 32 at 9–10. Defendant contends that the complaint is devoid of any allegations that it intended to harm its patrons generally or Plaintiff specifically. Indeed, Plaintiff acknowledges in the complaint that fragrances are used "to mask odors such as mold smells," "to promote a signature scent," and "to enhance the guest experience." *See* SAC at ¶¶ 35, 44, 49–51.

In response, Plaintiff suggests that for purposes of her battery claim, she need not allege that Defendant intended to harm Plaintiff. This runs contrary to Plaintiff's own authorities, which list the first element of battery as "defendant touched plaintiff, or caused plaintiff to be touched, *with the intent to harm or offend plaintiff*." *See So*, 212 Cal. App. 4th at 669 (emphasis added); Restatement (Second) of Torts § 18 (1965) ("An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person . . . ."). In *Austin B. v. Escondido Union School District*, the California Court of Appeal clarified that intent to harm is necessary to find a defendant liable for battery unless the touching was itself unlawful. *See Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 872–76 (Cal. Ct. App. 2007); *accord* Judicial Council Of California Civil Jury Instruction 1300 (Battery – Essential Factual Elements). Here, Plaintiff has not alleged that the use of fragrance is

itself unlawful.[1] To establish a battery claim in these circumstances, California law requires allegations that Defendant intended to harm her and the other putative class members through it use of fragrances in the lobby. The California Court of Appeal's opinion in *Van Scoy v. Valero* is instructive. *See Van Scoy v. Valero Oil Co.*, No. A118435, 2008 WL 4196579, at *2 (Cal. Ct. App. Sept. 15, 2008) (unpublished). There, the plaintiff sued Valero for emitting harmful fumes into the air from its refinery. *Id.* The court upheld a demurrer to the battery cause of action because the plaintiff had not alleged that the emissions were released with the intent to harm anyone. *Id.*

Plaintiff's other authorities are simply inapposite. During the hearing, Plaintiff quoted at length the California Court of Appeal opinion in *Singer v. Marx*. *See* 144 Cal. App. 2d 637 (Cal. Ct. App. 1956). Yet *Singer* concerned transferred intent: the evidence indicated that the nine-year-old defendant threw a rock intending to hit one person, but hit the plaintiff instead. *See id.* at 641–43. The defendant thus had the intent to harm someone, and could be held liable for hitting the plaintiff under the theory of transferred intent. And in *People v. Puckett*, 44 Cal. App. 3d 607, 614 (Cal. Ct. App. 1975), the criminal defendant challenged his conviction for criminal assault with intent to commit rape. The court found that pushing on the victim's front door as she was trying to close it after the defendant had followed her home did not show an intent to rape, but could be deemed an offensive touching for purposes of assault with intent to commit a battery. *See id.* at 614–15. *Puckett* does not provide any support for Plaintiff's theory that she need not allege that Defendant released fragrances in the lobby with the intent to harm its patrons. Because Plaintiff has not alleged that Defendant's use of fragrances at the Claremont was "with the intent to harm or offend plaintiff," her battery claim fails.

### iii. Negligent and Intentional Infliction of Emotional Distress

Defendant also contends that Plaintiff has not adequately pleaded NIED or IIED because Plaintiff does not adequately allege that Defendant engaged in "extreme and outrageous conduct"

---

[1] To the extent Plaintiff suggested during the hearing that the use of fragrance violated Prop 65 and that she intends to amend her complaint, that is not alleged in the operative complaint and the Court need not address it here.

7

or that Plaintiff suffered serious or severe emotional distress.

Under California law, intentional infliction of emotional distress requires "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51 (quotations omitted).

Defendant first contends that Plaintiff fails to allege sufficient facts that Defendant's use of fragrance constitutes "extreme and outrageous conduct." Defendant suggests that the use of fragrances may be an annoyance to some, but this does not constitute extreme or outrageous conduct. *See* Dkt. No. 32 at 11–12. Yet as explained in Section III.A.i. above, the Court is bound to consider the allegations in the complaint. Here, Plaintiff alleges that Defendant "aims [] toxic compounds directly at guests/patrons as they walk through the Claremont's front door." *See* SAC at ¶ 47. Although Plaintiff does not specify the exact compounds in Defendant's fragrances, she does explain that "fragranced products emit hundreds of volatile organic compounds (VOCs) including asthmagens and hazardous air pollutants." *See id.* at ¶ 36. She further alleges that "the most commonly emitted compounds were toxic chiral terpenes (e.g., limonene, alpha-pinene, and beta-pinene)," which "react with ozone in the ambient air to generate secondary hazardous pollutants such as formaldehyde." *Id.* According to Plaintiff, patrons of the Claremont have therefore "been exposed, in some way, to chemical substances (including carcinogenic and/or other hazardous air pollutants, and particulate matter)." *See id.* at ¶¶ 20, 36–37.

The Court acknowledges some tension in the complaint with Plaintiff's theory that Defendant's fragrances are toxic to its patrons. *First*, Plaintiff concedes that fragrances are "oft-used in hotels" and "a number of commercial scent dispersion machines ('SDMs') are available to produce a particular (sometimes even 'signature') scent—which promise to enhance the guest experience." *See, e.g.*, *id.* at ¶¶ 35, 44. As already discussed, there is no suggestion that Defendant wants to harm its patrons. *Second*, Plaintiff suggests that some people have chemical sensitivities, but that for others, fragrances may just be "an annoyance." *See, e.g.*, *id.* at ¶¶ 1, 3,

8

38, 40. An annoyance does not amount to "extreme and outrageous conduct." Still, the Court is bound by the standard that applies at the motion to dismiss stage and "construe[s] the pleadings in the light most favorable to [Plaintiff as] the nonmoving party." *Manzarek* v, 519 F.3d at 1031. Exposing patrons to carcinogenic or toxic substances, if true, could constitute "extreme and outrageous conduct." And to the extent Defendant suggests that Plaintiff has not alleged that such conduct was directed toward her, *see* Dkt. No. 32 at 13, Plaintiff has sufficiently alleged that Defendant received complaints about its use of the fragrance and its health effects, including from Plaintiff herself, but has not discontinued its use at the Claremont. *See, e.g.*, *id.* at ¶¶ 52, 82, 90.

Nevertheless, the Court agrees that Plaintiff has not provided sufficient allegations that she suffered "serious" or "severe" emotional distress to support her NIED or IIED claims. California courts have explained that the "'serious emotional distress' needed to support an NIED claim is functionally the same as the articulation of 'severe emotional distress [needed to support an IIED claim].'" *See, e.g.*, *Wong v. Jing*, 189 Cal. App. 4th 1354, 1378 (Cal. Ct. App. 2010). Both require "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (Cal. 1993) (quotations omitted). The California Supreme Court has cautioned that this is "a high bar." *Hughes*, 46 Cal. 4th at 1051 .

Here, Plaintiff offers little more than conclusory allegations about the emotional distress she and putative class members have experienced due to their exposure to fragrances in the Claremont lobby. Plaintiff asserts that Defendant's actions "cause[d] her mental anguish, anxiety, and distress and mental suffering and/or medical, hospital, psychological and related expenses," but she does not offer any factual support or further explanation of how this emotional distress manifested for her following her visit(s) to the Claremont. *See* SAC at ¶¶ 71, 76. Instead Plaintiff lists the physical symptoms she and other putative class members "[g]enerally" suffer when exposed to fragrances. *See id.* at ¶¶ 17–18, 80. The only symptoms that Plaintiff allegedly experienced at or following a visit to the Claremont are "soreness in her throat and neck, excruciating headaches and nausea." *See id.* at ¶ 64. Plaintiff does not link these symptoms to any "mental anguish, anxiety, and distress and mental suffering and/or medical, hospital,

9

psychological and related expenses." *See id.* at ¶¶ 71, 76. There is simply no factual support detailing the "substantial quality or enduring quality" of Plaintiff's emotional distress and how it was caused by Defendant's conduct. *See Potter*, 6 Cal. 4th at 1004 (quotations omitted). Plaintiff's allegations of NIED and IIED are thus inadequate.

### iv. Unfair Competition Law

Lastly, Defendant contends that Plaintiff's UCL claim fails because Plaintiff has adequate remedies at law under her other causes of action and has not alleged sufficient facts demonstrating that she is entitled to restitution or injunctive relief.

California's UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. The remedies available under the UCL are limited, as [a] UCL action is equitable in nature" and "damages cannot be recovered." *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003). However, there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law. *See, e.g.*, *Prudential Home Mortgage Company v. Superior Court*, 66 Cal. App. 4th 1236, 1249 (Cal. Ct. App. 1998) (holding that statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy.").

In this case, Plaintiff seeks damages under her other causes of action for negligence and violation of the Unruh Civil Rights Act based on the exact same conduct that forms the basis of her UCL claim. *See, e.g.*, SAC at ¶¶ 58, 100. Defendant suggests that such monetary damages are an adequate remedy at law that precludes injunctive relief. *See* Dkt. No. 32 at 16–17. But Plaintiff has also alleged that she resides within 15 miles of the Claremont; previously visited the hotel; and would do so again if Defendant stopped using fragrances there. *See* SAC at ¶¶ 15, 83. Although monetary damages may compensate Plaintiff for her prior visits, there is ongoing conduct for the Court to enjoin should Plaintiff prevail on her claims. Moreover, Plaintiff also seeks injunctive relief on behalf of the putative class members who would "wish to re-visit the Claremont if Defendant ceased using fragrance at the Claremont."[2] *See id.* at ¶¶ 84, 107, 110.

---

[2] To extent Defendant raises for the first time in its reply brief that there is no irreparable injury warranting injunctive relief, see Dkt. No. 34 at 8, this argument is both untimely and divorced

10

The Court finds that Plaintiff may therefore seek injunctive relief.

Defendant next contends that even if Plaintiff has established that there is not an adequate remedy at law, Plaintiff still has not demonstrated that she is entitled to restitution. As part of her UCL claim Plaintiff seeks "restitution and/or disgorgement of all profits obtained by Defendant through the unfair, unlawful and deceptive business practices." *See* SAC at ¶ 110. However, the California Supreme Court has held that "disgorgement of money obtained through an unfair business practice is an available remedy in a representative action *only to the extent that it constitutes restitution*." *Korea Supply*, 29 Cal. 4th at 1149 (emphasis added). The court defines an order for restitution as one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Id.* (quotation omitted). Thus, "[u]nder the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Id.* Critically, Plaintiff does not allege that she—or any other members of the putative class—actually paid Defendant any money or otherwise has an ownership interest in money from Defendant such that she is entitled to restitution. The Court therefore grants Defendant's motion to dismiss Plaintiff's claim for restitution under the UCL.

### B. Motion to Strike

In addition to its motion to dismiss, Defendant also moves to strike Plaintiff's class allegations and claim for punitive damages.

*First*, Defendant argues that the putative class is overbroad; not ascertainable; and individual questions predominate because individuals who visited the Claremont may not have any sensitivity to fragrances. Plaintiff's class definition, "[a]ll persons who visited the Claremont Club & Spa between August 28, 2015 and the trial of this matter," therefore includes people who suffered no injury. As this Court has previously explained, a growing number of courts generally

---

from the allegations in the complaint. *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066, n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."). As already discussed, Plaintiff's complaint details the harmful health effects she believes arise from exposure to toxic fragrances. *See, e.g.*, SAC at ¶¶ 36–37.

11

disfavor motions to strike under Rule 12(f), finding that they "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties." *See Stiner v. Brookdale Senior Living, Inc.*, 354 F. Supp. 3d 1046, 1063, n.7 (N.D. Cal. 2019) (quoting *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016)). And although district courts have authority to strike class allegations at the motion to dismiss stage, courts generally refrain from doing so because such motions are usually premature before the issue of class certification is before the court. *See, e.g.*, *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 849 (N.D. Cal. 2019); *Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *14–*15; *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012).

The Court acknowledges and shares Defendant's concern that there is some tension between Plaintiff's class claims on the other hand, which are premised on the idea that these fragrances are toxic and thus harm everyone who is exposed to them, and Plaintiff's ADA and Unruh Civil Rights Act claims on other hand, which are premised on Plaintiff's particular sensitivity to fragrance. *Compare* SAC ¶¶ 20, 36–37, 39–40, 55, *with* ¶¶ 16–18, 38. Nevertheless, in keeping with the general practice of disfavoring motions to strike in this context, the Court finds the class allegations should not be stricken. Plaintiff alleges that the fragrance Defendant uses is toxic to everyone, *see* SAC at ¶¶ 8. Unless this dispute of fact is resolved in Defendant's favor, a proposed class of people who visited the Claremont may not be overbroad and would not suffer from ascertainability or predominance issues for that reason, as everyone who visited the hotel would be exposed to—and harmed by—the fragrance in the lobby. Because the motion depends on disputed questions of fact, it is denied at this early stage in the litigation. Class allegations may be addressed at the class certification stage.

*Second*, Defendant also argues that Plaintiff's claims for punitive damages should be stricken because Plaintiff has not established that Defendant acted with oppression, fraud, or malice. Plaintiff acknowledges that to the extent the Court dismisses her battery, NIED, and IIED claims, she does not have a basis to seek punitive damages. *See* Dkt. No. 33 at 15. Because the Court has dismissed these state tort claims as insufficiently pled, *see* Sections III.A.ii. and III.A.iii.

12

above, the Court strikes Plaintiff's prayer for punitive damages, unless and until Plaintiff adequately pleads a predicate claim. *See* SAC ¶¶ 27, 65, 77, and Prayer for Relief ¶ 7.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART** the motion to dismiss Plaintiff's claims for battery, NIED, and IIED, as well as Plaintiff's claim for restitution under the UCL, but otherwise **DENIES** the motion to dismiss. The Court **GRANTS IN PART** the motion to strike Plaintiff's claim for putative damages, but otherwise **DENIES** the motion to strike. The Court understands Defendant's misgivings that Plaintiff will be able to amend her complaint to address the deficiencies identified above. Nevertheless, the Court cannot say at this stage that amending the complaint would be futile.[3] *See Lopez*, 203 F.3d at 1130.

The Court therefore **SETS** a case management conference for March 3, 2020, at 2:00 p.m. The parties should be prepared to discuss the case schedule, including the timing of any amended complaint and whether the parties should file dispositive motions before class certification discovery and briefing.

**IT IS SO ORDERED.**

Dated: 2/14/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Plaintiff's counsel is cautioned to carefully consider the requirements of Rule 11, both factual and legal, in deciding whether to amend the complaint to reallege these claims.